# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW DEWAYNE CARTER,<br><br>    Defendant. | Case No. 2:15-CR-322-KJD-VCF-1<br><br>**ORDER** |

Presently before the Court is Defendant's Motion in Limine to Preclude Testimony by Detective Derek Stigerts (#39). Plaintiff filed a response in opposition (#44) to which Defendant responded. (#45).

I. Background

On March 18, 2016, the Government filed notice that it intends to call Sacramento Police Department Detective Derek Stigerts to testify as an "expert" about the business of prostitution and the relationships between pimps and prostitutes. The Government further intends Detective Stigerts to testify on a wide variety of topics, including: methods of recruitment, methods of control, victimology, the use of technology in the prostitution business, transportation of prostitutes and the prostitution culture.

The Defendant moves to prohibit Detective Stigerts' testimony on the grounds that: 1) the testimony would be irrelevant; 2) the subject is one in which the jury does not need assistance to understand; 3) the testimony will offer conclusions about issues of fact; 4) the testimony does not fit the facts; 5) the testimony will improperly bolster the victim's testimony; and 6) the testimony will unfairly prejudice the Defendant.

II.  Analysis

The trial court has "broad discretion to admit or exclude expert testimony." U.S. v. Verduzco, 373 F.3d 1022, 1035 (9th Cir. 2004). The Ninth Circuit allows use of expert testimony about prostitution culture in sex trafficking cases when such testimony is relevant, the expert is qualified, and the potential prejudice does not substantially outweigh the probative value of the testimony. United States v. Brooks, 610 F.3d 1186, 1195-1196 (9th Cir. 2010). Further, expert testimony regarding the nature of the relationship between a pimp and prostitute, and the general prostitution culture does not unfairly prejudice defendants. See Id. (expert testimony regarding culture of prostitution relevant to the prosecution of a pimp); U.S. v. Taylor, 239 F.3d 994 (9th Cir. 2001) (testimony regarding the relationship between a pimp and prostitute was relevant); U.S. v. Williams, Case No. 2:03-cr-00046-KJD-RJJ, 2004 WL 2700049, at *2 (9th Cir. Nov. 29, 2004) (testimony to aid the jury in grasping the relationship between prostitutes and their pimps is admissible). The relationship between pimps and prostitutes is generally not considered common knowledge. Taylor, 239 F.3d at 998.

Defendant argues that a jury would be able to grasp the facts related to pimps and prostitution without the aid of expert testimony. Defendant further contends that the proposed testimony is irrelevant to the facts of the instant case and would only serve to inflame and prejudice the jury against the Defendant. Additionally, the Defendant asserts that Detective Stigerts' testimony would

improperly bolster the victim's testimony. The Court finds that the testimony fits the facts of this case and is not irrelevant. The Court also finds that the potential prejudicial effect of Detective Stigerts' testimony does not outweigh the probative value of the testimony. This case is very similar to Taylor in its facts and the Court finds that the jury may be "in the dark about the [pimp and prostitute] relationship [and] may be unprepared to assess the veracity of an alleged pimp, prostitute, or other witness testifying about prostitution." Taylor, 239 F.3d at 998. Another purpose of an expert witness is to help the credibility of other witnesses and counteract the effect of cross-examination by Defendant. U.S. v. Anderson, 851 F.2d 384, 393 (9th Cir. 1988). Thus, the expert testimony is appropriate to rebut any cross-examination of the victim.

III.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion in Limine to Preclude Testimony by Detective Derek Stigerts (#39) is **DENIED**.

DATED this 30th day of June 2016.

_____
Kent J. Dawson
United States District Judge